United States District Court
Southern District of Texas
**ENTERED**
October 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

Lawrence Graves, §
 Petitioner, §
 §
v. §
 § Civil Action H-21-681
Bobby Lumpkin, §
Director, Texas Department §
of Criminal Justice, Correctional §
Institutions Division, §
 Respondent. §

# Report and Recommendation

 Lawrence Graves is serving a life sentence in prison for aggravated rape. (D.E. 16-4 at 301–02.) Graves filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his parole revocation. (D.E. 1.) Respondent Bobby Lumpkin filed a motion for summary judgment. (D.E. 15.) The court recommends that Lumpkin's motion for summary judgment be granted and that Graves's petition be dismissed with prejudice.

## 1. Background

 On November 28, 1983, the 263rd District Court of Harris County, Texas, sentenced Graves to life in prison for aggravated rape. (D.E. 16-4 at 301–02.) On June 7, 2011, Graves was released to parole. *Id.* at 196–98. On March 12, 2019, Graves's parole officer instructed him to report for a mental health evaluation on March 13, 2019. *Id.* at 204. Graves failed to report for the mental health evaluation as instructed. *Id.* A pre-revocation warrant was issued March 19, 2019, and was executed on March 20, 2019. *Id.* at 213. On March 29, 2019, Graves pleaded guilty to assaulting a family member on February 19, 2019, and was sentenced to thirty days in custody. (D.E. 16-4 at 72–73.) On April 1, 2019, Graves was notified of the alleged parole violations—failure to report and assault on a family member—and his rights with

respect to the revocation proceeding. *Id.* at 193–94. Graves waived his right to a revocation hearing the same day. *Id.* at 195. The Texas Board of Pardons and Parole (BPP) revoked Graves's parole on April 6, 2019, and returned him to prison, where he remains. (D.E. 16-4 at 215.)

Graves filed a state application for writ of habeas corpus on March 24, 2020. *Id.* at 20. The state habeas court entered findings of fact and conclusions of law recommending that habeas relief be denied. *Id.* 278–86. The Texas Court of Criminal Appeals (TCCA) denied Graves's application based on the trial court's findings of fact as well as the TCCA's independent review of the entire record. (D.E. 16-3.)

In his federal habeas petition Graves asserts the following grounds for relief: (1) the BPP breached his "parole contract" when it revoked his parole because he failed to attend "mental [health] treatment," which Graves argues was never properly made a condition of his parole; (2) the BPP abused its discretion by prematurely revoking his parole on March 6, 2019; and (3) he was denied procedural due process before and during the revocation hearing. (D.E. 1.)

2. *Standard of Review for § 2254 Cases*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal writ of habeas corpus is available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court's factual findings are presumed correct, and the applicant bears the burden to overcome that presumption by clear and

convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018). AEDPA requires the court to defer to the state habeas court's express and implicit findings of fact and conclusions of law. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

3. Analysis

   A. *Graves received Due Process.*

Throughout his petition and in his brief in support, Graves argues that his procedural due process rights were violated when his parole was revoked. This claim was rejected by the state habeas court which concluded that Graves was not denied due process. (D.E. 16-4 at 284.) In denying relief, the state habeas court relied on *Morrissey v. Brewer*, 408 U.S. 471 (1972), and explained:

> The due process that a defendant is entitled to [in the context of a parole revocation] is notice of the violations, disclosure of the evidence against him, the opportunity to be heard, the right to present and cross witnesses, a neutral and detached hearing body, and a written statement of [sic] the evidence relied on and reasons for revoking parole.

(D.E. 16-4 at 284) (citing *Morrisey*, 408 U.S. at 89.) The state court found that Graves received due process during his parole revocation proceeding because he received notice of his violations and waived his right to a revocation hearing. *Id.*

Graves has failed to demonstrate that the state court's conclusion was an unreasonable application of federal law or that it was based on an unreasonable determination of the facts. The state court's statement of the law is not contrary to Supreme Court precedent, and the facts on which its conclusion is based are supported by the record.

   B. *Any error was harmless because Graves also committed a new law violation.*

All of Graves's complaints focus on the allegation that he failed to report to a mental health evaluation. He ignores the second

violation at issue—a new law violation for assault on a family member. A single violation of a condition of community supervision is sufficient to warrant revocation in Texas. *Blackmon v. Thaler*, 425 F. App'x 375, 376 (5th Cir. 2011). "[A] habeas court need not consider a constitutional challenge to a conviction or violation used to revoke a prisoner's parole when other valid violations of parole were found." *Id.* (citing *Spann v. Wainwright,* 431 F.2d 482, 482 (5th Cir.1970)).

Graves does not argue that he was not convicted of the law violation. He does not argue that revocation was improper based on the law violation alone. Because he cannot show that but for the errors of which he complains the outcome would have been different, any alleged error is harmless. *See Briseno v. Cockrell*, 274 F.3d 204, 211 (5th Cir. 2001).

### C. *In any event, all of Graves's claims are without merit.*
#### (1) *Graves failed to report to his mental health evaluation as instructed.*

Graves argues that mental health treatment was not part of his original conditions of parole. He argues that his parole officer had no authority to impose a mental health treatment condition. He also argues he should have been permitted to consult with counsel before the condition was imposed.

Graves misconstrues the record. Upon release to parole Graves was issued a Certificate of Parole which contained terms and conditions of his release, one of which states "I shall upon release from the institution . . . follow all instructions from my Parole Officer." (D.E. 16-4 at 42.) The summary of Graves's parole violation report states that on March 12, 2019, Graves was instructed by his parole officer to undergo a mental health evaluation on March 13, 2019. *Id.* at 204. Graves failed to report as instructed for his mental health evaluation. *Id.*

Graves was not ordered to have mental health treatment. He was merely required to attend an appointment. Graves does not explain why his parole officer lacked authority to have him attend an appointment. Graves does not explain why he should have been

afforded counsel before attending an appointment, or how a lawyer would have made a difference. Graves has failed to demonstrate how or why the state court's refusal to grant him habeas relief on this ground was an unreasonable application of federal law or that it was based on an unreasonable determination of the facts.

*(2) Graves's parole revocation was not premature.*

Graves argues his parole was prematurely revoked on March 6, 2019. The record shows that his parole was revoked on April 6, 2019, not on March 6, 2019. (D.E. 16-4 at 215.) This claim is conclusory and lacks any legal or factual basis.

*(3) Graves has failed to show he was entitled to counsel at his revocation hearing.*

Graves argues that he was denied his right to counsel in connection with the revocation hearing. A parolee has no absolute right to counsel during a parole revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). The need for counsel at parole revocation hearings must be made on a case-by-case basis. *Id.* (explaining that the decision to appoint counsel "is left to the sound discretion of the state authority charged with the responsibility of administering the parole system.") According to the Court,

> [C]ounsel should be provided in cases where, after being informed of his right to request counsel, the . . . parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.*

None of these circumstances apply. Graves was informed of his right to request counsel but did not make such a request. Instead, he waived his hearing altogether. Graves was not deprived of any constitutional right and habeas relief is not warranted.

5

### *(4) Administration of sentence*

Graves argues he is being denied proper administration of his sentence. (D.E. 1.) It is not clear what Graves is complaining about. He does not explain how his sentence is being improperly administered or how any improper administration of his sentence violates his constitutional rights. The state habeas court in denying relief found that Graves failed to state a claim for relief because the claim that his sentence was improperly administered was vague. (D.E. 16-4 at 283.) The state court concluded that Graves provided no substantive facts to support a legal ground for relief. *Id.* at 284. The court's own review of the record is consistent with the state habeas filings. Graves fails to show that the state court's decision was based on an unreasonable determination of the facts based on the evidence in the record.

### 4. Conclusion

The court recommends that Lumpkin's motion for summary judgment be granted and that Graves's petition be dismissed with prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 12, 2021.

_____
Peter Bray
United States Magistrate Judge